***QUIJANO, ENNIS & SIDERIS***
ATTORNEYS AT LAW
52 DUANE STREET, FLOOR 7
NEW YORK, NEW YORK 10007

TELEPHONE: (212) 686-0666
FAX: (212) 686-8690

## MEMO ENDORSED

**Peter Enrique Quijano**
**Nancy Lee Ennis**
**Anna N. Sideris**

April 9, 2024

**Via ECF and Email**
The Honorable Laura T. Swain
Chief Judge, United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: **United States v. Phya Scott,** 23 Cr. 80 (LTS)

Dear Chief Judge Swain:

  As the attorney for Phya Scott, I respectfully write to request a partial amendment to the final judgment in the above-referenced matter, entered on April 4, 2024, regarding the electronic monitoring provision of her home detention. The Court's judgment currently states that Ms. Scott "**must wear an electronic monitoring device** and follow the electronic monitoring procedures specified by the Probation Officer." Ms. Scott is respectfully requesting the Court to modify its Order by permitting Probation to assess and determine whether to use an alternative technology to monitor Ms. Scott's home detention, such as SmartLink, which would not require her to wear an ankle bracelet. I have conferred with the Government and U.S. Probation for the Eastern District of New York ("Probation") which will be supervising Ms. Scott during her 2-month period of home detention. The Government defers to Probation, and Probation takes no position on this request.

  Yesterday, Ms. Scott was contacted by her supervising Probation Officer from the Eastern District of New York, and she will soon commence the 2-month home detention phase of her probation. As the Court will recall, during the pendency of her sentence Ms. Scott plans to work as a hair-and-wig stylist, using her New York State cosmetology license. She is concerned, however, that she will not be able to conceal an ankle bracelet while working at the salon. She fears that this could have a negative impact on her ability to work successfully, and undermine her good relationships with her clientele. In addition, Ms. Scott spends hours at a time on her feet while working as a stylist, and suffers from swelling and discomfort, which will be exacerbated with an ankle bracelet.

Probation has the capability of monitoring Ms. Scott's home detention utilizing SmartLink as an alternative to an ankle bracelet. If the Court grants a partial amendment to the final judgment by adopting the language below, it will enable Probation to make an assessment and determine whether Ms. Scott can be monitored using technology that would not require her to wear an ankle bracelet. The following language was provided in large part by Probation:

> The participant shall be monitored by location monitoring for a period of 2 months, using specific technology to be determined by the U.S. Probation Office. The participant is restricted to her residence at all times, except for employment; treatment programming approved by the Probation Officer, medical appointments, religious services, or other activities as preapproved by the Probation Officer. The participant shall abide by all technology requirements and shall pay all or part of the costs of participation in the location monitoring program, as directed by the Probation Officer.

Accordingly, it is respectfully requested that the Court partially amend Ms. Scott's final judgment with respect to her electronic monitoring, in order to allow Probation to determine whether Ms. Scott can be electronically monitored without wearing an ankle bracelet.

> Respectfully submitted,
> *Anna Sideris*
> Anna N. Sideris

Cc: Government Counsel via ECF and Email


The foregoing request is granted.  Ms. Scott's special condition of probation pertaining to home detention is hereby amended to read as follows:

Defendant shall be monitored by location monitoring for a period of 2 months, using specific technology to be determined by the U.S. Probation Office.  Defendant is restricted to her residence at all times, except for employment; treatment programming approved by the Probation Officer, medical appointments, religious services, or other activities as preapproved by the Probation Officer.  Home detention shall commence on a date to be determined by the Probation Officer.  Defendant shall abide by all technology requirements and shall pay all or part of the costs of participation in the location monitoring program, as directed by the Probation Officer.

SO ORDERED.
April 10, 2024
/s/ *Laura Taylor Swain*
Chief USDJ